UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BELTON LEE REEVES,

                Plaintiff,                        Case No. 1:08-cv-784

v.                                       Honorable Paul L. Maloney

UNITED STATES DEPARTMENT
OF JUSTICE et al.,

                Defendants.
_____/

## <u>OPINION</u>

This is a civil action brought by a federal prisoner ostensibly pursuant to Federal Rule of Civil Procedure 65.  The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Belton Lee Reeves presently is incarcerated with the Federal Bureau of Prisons and housed at the Elkton Federal Correctional Institution.  Plaintiff was indicted on drugs and weapons charges and was notified that he was subject to an enhanced sentence of at least fifteen years in prison under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  In exchange for the dismissal of other counts, Reeves pleaded guilty to one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).  The plea agreement provided that Reeves waived his right to appeal a sentence at or below the maximum guideline range of imprisonment or 180 months, whichever was higher.  On January 18, 2006, the district court sentenced Plaintiff to 144 months in prison.  Notwithstanding the plea agreement, Plaintiff filed an appeal.  The Sixth Circuit concluded that the guilty plea complied with Rule 11 of the Federal Rules of Criminal Procedure and that Plaintiff had validly waived his right to appeal.  *United States v. Reeves*, No. 06-1125 (6th Cir. Oct. 30, 2006).

Plaintiff's complaint alleges that he was charged with inconsistent offenses and that his conviction therefore is prohibited under federal statute.  Further, he contends that the charges lodged against him for federal firearms violations violated his constitutional right under the Second Amendment to bear arms.  He therefore asserts he is entitled to a preliminary and permanent injunction granting him release from imprisonment and damages for wrongful conviction.

II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic*

*Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).   The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001).   While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombley*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences).   The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007)).

As the Court previously advised Plaintiff in its order (docket #9) denying reconsideration of the Court's September 28, 2008 order regarding Plaintiff's pauper status in this action, Federal Rule of Civil Procedure 65 does not create or authorize any cause of action that does not already exist.   Instead, Rule 65 merely establishes the rules governing the issuance, expiration and dissolution of orders for injunctive relief where some constitutional, statutory or common-law authority creates a civil cause of action to which the Federal Rules of Civil Procedure apply.   *See generally* FED. R. CIV. P. 81 (explaining when the Federal Rules of Civil Procedure apply).

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus under 28 U.S.C. § 2254 or § 2255[1] and is not the proper subject of a civil rights action brought pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau*

---

[1]Because he is a federal prisoner, in order to challenge his conviction Plaintiff must seek federal habeas relief by filing a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

*of Narcotics*, 403 U.S. 388 (1971).[2]  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration and seeks his release from prison, it must be dismissed.  *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where civil rights action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of  *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of  § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks other injunctive, declaratory or monetary relief for alleged violations of Constitutional rights, his civil rights action is barred by *Heck*, 512 U.S. at 486-87, which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]."  *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original).  In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has

_____

[2]In *Bivens*, 403 U.S. 388, the Supreme Court found an implied right of action for damages based on civil rights deprivations by federal officers, which parallels a claim against state officers under 42 U.S.C. § 1983.  *See Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (noting parallel nature of remedies).

been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 80-82 (2005) (explaining that *Heck* prevents prisoners from making an end-run around the need to challenge the validity or duration of their convictions using the vehicle of habeas corpus, rather than through a civil rights action). The Supreme Court's holding in *Heck* applies with equal force to a civil rights action brought pursuant to *Bivens*. *See Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998). Moreover, the holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his civil rights claims are barred under *Heck* until his criminal conviction has been invalidated. A court's dismissal of a claim on the basis that it is barred by *Heck* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  November 12, 2008               /s/ Paul L. Maloney                          
                                        Paul L. Maloney
                                        Chief United States District Judge

-6-